RECEIVED
MAR 13 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BERNARD S. REID,                    :
                                    :   Civil Action No. 12-5371 (MAS)
          Plaintiff,                :
                                    :
     v.                             :   **MEMORANDUM OPINION**
                                    :
COMMISSIONER GARY LANIGAN,          :
et al.,                             :
                                    :
          Defendants.               :

**APPEARANCES:**

   BERNARD S. REID, Plaintiff <u>pro se</u>
   New Jersey State Prison
   P.O. Box 861
   Trenton, New Jersey 08625

**SHIPP**, District Judge

   Plaintiff Bernard S. Reid, a state inmate presently confined at the New Jersey State Prison in Trenton, New Jersey, at the time he submitted this action for filing, seeks to bring this civil action <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed <u>in forma pauperis</u> will be denied.

### BACKGROUND

   Plaintiff brings this Complaint against numerous defendants, as follows: Commissioner Gary Lanigan of the New Jersey Department of Corrections ("NJDOC"); New Jersey State Prison ("NJSP") Administrator C. Warren; various Doe defendants, NJSP Associate Administrator, NJSP Superintendent, NJSP Director of Education,

NJSP Supervisor of Education, NJSP inmate paralegals, NJDOC Chief of Staff, NJDOC Assistant Commissioner, NJDOC Ethics Liaison Officer, NJDOC Director of "OISS"; S. Stevens, NJSP Supervisor of Education; Burack, NJSP Civil Legal Aide; and D. Williams, NJSP Civil Legal Aide. (Complaint, Caption, Docket entry no. 1-1 at ¶¶ 3-12). The Complaint is lengthy and mostly inarticulate with respect to factual allegations and claims for relief. However, it appears that Plaintiff may be alleging, that from January 1, 2007 through the time he submitted his complaint for filing, that he has been denied access to public records, as well as various claims of deprivation of personal property, "mock" disciplinary proceedings, deprivation of communication with the "outside world," denial of adequate medical care, and denial of right to be free from assault and body searches. (Complaint, Docket entry no. 1-1 at ¶ 14).

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey. At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. See, e.g., Reid v. N.J. Department of Corrections, et al., Civil No. 93-2003 (AJL)(dismissed as frivolous pursuant to 28 U.S.C. § 1915 (d)); Reid v. State of New Jersey, et al., Civil No. 94-1324 (AJL)(same); and Reid v. State of New Jersey, et al., Civil No. 94-1324 (AJL)(USCA No. 94-5222 - appeal dismissed as frivolous under § 1915(d)).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical

injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the Complaint appears to involve past conduct of a general nature, which are insufficient to show that Plaintiff is in imminent danger of real harm. As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm. See Abdul-Akbar, 239 F.3d at 312. Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. Rather, this Court finds only that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

4

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied, pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated. Upon submission of the $350.00 filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses. An appropriate Order accompanies this Opinion.

                                                    MICHAEL A. SHIPP
                                                  United States District Judge

Dated: 3/12/13