**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD S. REID, | Civil Action No. 12-5371 (MAS) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER GARY LANIGAN, et al., | |
| Defendants. | |

**APPEARANCES:**

BERNARD S. REID, Plaintiff pro se
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

**SHIPP**, District Judge

This matter is before the Court upon the motion of Plaintiff Bernard S. Reid ("Plaintiff") for reconsideration (ECF No. 6) of this Court's March 13, 2013 Memorandum Opinion and Order (ECF Nos. 4, 5), which administratively terminated this action because Plaintiff has incurred three strikes under 28 U.S.C. § 1915(g). The Court directs the Clerk of the Court to re-open this case to allow for review of Plaintiff's motion. For the reasons set forth below, the Court concludes that Plaintiff's motion for reconsideration should be denied.

## I. BACKGROUND

Plaintiff filed a Complaint in August 2012, against numerous and various New Jersey Department of Corrections ("NJDOC") and New Jersey State Prison ("NJSP") officials. (ECF No. 1, Complaint.) Plaintiff's Complaint was lengthy and mostly inarticulate, alleging that, from January 1, 2007 through the time he submitted his complaint for filing, Plaintiff had been denied access to public records, as well as various claims of deprivation of personal property, "mock" disciplinary proceedings, deprivation of communication with the "outside world," denial of adequate medical care, and denial of right to be free from assault and body searches. (*Id.* at ¶ 14.)

On March 13, 2013, this Court administratively terminated this action, finding that Plaintiff had surpassed the statutory limit as set forth in 28 U.S.C. § 1915(g), which precludes Plaintiff from seeking *in forma pauperis* status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court further found that Plaintiff made no allegations or claims of "imminent danger" in his Complaint, but rather asserted general claims of past conduct that was insufficient to show that Plaintiff faced imminent danger of real harm. The threat of imminent danger must be prospective and cannot relate to a past incident of harm. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). Therefore, because the Complaint did not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury," necessary to excuse him from the restrictions under § 1915(g), Plaintiff application to proceed *in forma pauperis* was denied, and his action administratively terminated until he filed a motion to re-open with the requisite filing fee. (ECF Nos. 4, 5.)

2

On April 3, 2013, Plaintiff filed a request for reconsideration of the Court's Order. Plaintiff did not submit the filing fee. Rather, he argued that he made a reasonable claim to be "free from assault" sufficient to establish that he was in imminent danger of harm. (ECF No. 6-1.) Plaintiff provides no factual support for his argument.

## II. DISCUSSION

Plaintiff labels his request as a motion for reconsideration.  Local Civil Rule 7.1(i)[1] permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996). "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Leja v. Schmidt Mfg., Inc.*, 743 F.Supp.2d 444, 456 (D.N.J. 2010) (citation omitted); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation omitted).

It is well settled that a motion for reconsideration is an extraordinary remedy and should be granted "very sparingly." *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp.2d 681, 683 (D.N.J. 2005); *Tehan v. Disab. Mgmt. Servs., Inc.*, 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). The scope of a motion for

---

[1] While motions for reconsideration are not expressly permitted by the Federal Rules of Civil Procedure, motions for reconsideration are considered motions to amend or alter a judgment under Fed.R.Civ.P. 59(e) or a motion for relief from judgment under Fed.R.Civ.P. 60(b). *U.S. v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999). For the purposes of this analysis, Rule 7.1(i) is essentially the same as Fed.R.Civ.P. 59(e). *See Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See, Lazardis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Allah v. Ricci*, No. 08-1753 (JAP), 2012 WL 4341207, *1 (D.N.J. Sep. 21 2012).

The moving party seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)); *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010); *Bowers*, 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); *see also Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised ... before the original decision was reached.")

Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Clark v. Prudential Ins. Co. of America*, --- F. Supp.2d ----, 2013

4

WL 1694451, * 2 (D.N.J. Apr. 18, 2013) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998). With this framework in mind, the Court finds that reconsideration of its prior ruling is not warranted.

Here, Plaintiff has not demonstrated that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Instead, Plaintiff simply disagrees with this Court's prior decision and provides only legal conclusory statements that fail to show any imminent danger. Consequently, Plaintiff cannot satisfy the threshold for granting a motion for reconsideration here. His only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons set forth above, reconsideration is denied and this action shall be re-closed unless Plaintiff can pay the requisite filing fee. An appropriate order follows.

_____
MICHAEL A. SHIPP
United States District Judge

Dated: